UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| BERNADETTE D. KENDRICKS CRUM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-130-GWC |
| | ) | |
| MR. MARK, CO-WORKERS, MAIL CARRIERS, MANAGER, THE POST OFFICE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Bernadette D. Kendricks Crum has filed this lawsuit alleging that employees of the United States Postal Service negligently damaged, destroyed, or lost many pieces of mail intended for her. She alleges that this has caused her significant emotional distress. Plaintiff has also moved to proceed in forma pauperis (Doc. 2) and moved for the appointment of counsel (Doc. 3).

Because Plaintiff has moved to proceed in forma pauperis, the court must screen her complaint under 28 U.S.C. § 1915. The court also has a responsibility to ensure that it has subject-matter jurisdiction over the claims before it. *See Hughes v. Patrolmen's Benevolent Assoc. of the City of N.Y.*, 850 F.2d 876, 881 (2d Cir. 1988).

Under 39 U.S.C. § 409(c), the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2674, applies to "tort claims arising out of the activities of the Postal Service." *See Dolan v. U.S. Postal Service*, 546 U.S. 481, 484 (2006). The FTCA, in turn, provides that its sovereign immunity waiver does not apply to claims "arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *see Dolan*, 546 U.S. at 485. Plaintiff's claim—that she was allegedly injured by the Postal Service's loss or

destruction of her mail—is therefore barred by the doctrine of sovereign immunity. The court accordingly lacks jurisdiction over Plaintiff's claim. *See United States v. Bond*, 762 F.3d 255, 263–64 (2d Cir. 2014).

In screening complaints under § 1915, courts should give a pro se plaintiff an opportunity to amend her complaint "unless the court can rule out any possibility, however, unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999). The court does not see any possibility that Plaintiff will be able to state a claim that is not barred by sovereign immunity.

The motion to proceed in forma pauperis (Doc. 2) is GRANTED.

The motion to appoint counsel (Doc. 3) is DENIED as moot.

The case is DISMISSED for lack of jurisdiction.

Dated this ___ day of February, 2017.

Geoffrey W. Crawford, Judge
United States District Court